**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No.  _____26-mj-8539-BER_____

UNITED STATES OF AMERICA

v.

 DANIEL JOHN SCHLOSSER,

_____ Defendant. _____ /

FILED BY___**MEE**___D.C.

**Jul 14, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**CRIMINAL COVER SHEET**

1.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  ☐ Yes  ☑ No

2.  Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? ☐ Yes  ☑ No

3.  Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? ☐ Yes  ☑ No

4.  Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? ☐ Yes  ☑ No

5.  Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? ☐ Yes  ☑ No

Respectfully submitted,

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

BY: ___*Violette Bishai*_____

VIOLETTE BISHAI
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No.    1044298
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel:    (561) 820-8711
Fax:    (561) 820-8777
Email:  violette.bishai@usdoj.gov

AO 91 (Rev. 08/09)   Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| DANIEL JOHN SCHLOSSER, | ) | Case No. 26-mj-8539-BER |
| | ) | |
| | ) | |
| | ) | |

*Defendant(s)*

FILED BY_____ MEE _____D.C.

**Jul 14, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____June 29, 2026_____ in the county of _____Palm Beach_____ in the _____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 111(a)(1) | Assaulting resisting or impeding federal officer or employee |

This criminal complaint is based on these facts:

See Attached Affidavit.

☑ Continued on the attached sheet.

GIAN MOLINA
Digitally signed by GIAN
MOLINA
Date: 2026.07.13 19:39:34
-04'00'

*Complainant's signature*

Special Agent GIAN MOLINA, VA OIG

*Printed name and title*

Sworn to and attested to me by applicant by telephone (Facetime) per the requirements of Fed. R. Crim. P.4 (d) and 4.1.

Date:

Digitally signed by
Bruce E. Reinhart
Date: 2026.07.14
16:27:47 -04'00'

*Judge's signature*

City and state:   _____West Palm Beach, FL_____   BRUCE E. REINHART, U.S. MAGISTRATE JUDGE

*Printed name and title*

**AFFIDAVIT**

I, Gian Molina, being duly sworn, hereby depose and state the following:

1.      I am a Special Agent ("SA") with the Department of Veterans Affairs ("VA"), Office of Inspector General ("OIG"), and have been employed since June 2024.  I am presently assigned to the VA OIG Southeast Field Office, Palm Beach Gardens, Florida.  My duties include investigations related to VA programs and operations.  These investigations include, but are not limited to, healthcare fraud, benefits fraud, fugitive investigations, narcotics investigations, general crimes, and other fraud against the Government.

2.      This affidavit is submitted in support of a criminal complaint charging Daniel John Schlosser (hereinafter referred to as "SCHLOSSER") with Assaulting, resisting, or impeding certain officers or employees, in violation of Title 18, United States Code, Section 111 (a)(1).

3.      The information contained in this affidavit is based on my personal knowledge and observations, as well as upon information received in my official capacity from other individuals, including other federal law enforcement officers and sources involved in this investigation, and my review of statements and other physical items obtained during this investigation.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me in this investigation.

## Probable Cause

4.      On or about June 26, 2026, SCHLOSSER was admitted as a patient to the Inpatient Psychiatric Unit ("3C") located at the Veterans Affairs Medical Center in West Palm Beach, FL ("VAMC"), which is in the Southern District of Florida.

5.      On June 29, 2026, your affiant was notified by Veterans Affairs Police Service (VAPS) Officer Jauregui, of an allegation that veteran SCHLOSSER assaulted R.S., who is a Pharmacist, at the VA Medical Center (VAMC).

6.      On July 1, 2026, Terrence Mays, Criminal Investigator, VAPS, VAMC, provided your affiant with video surveillance footage of the incident from June 29, 2026. A review of the hallway video footage shows SCHLOSSER walking down the hallway toward R.S., who was standing in the hallway speaking with another individual. As SCHLOSSER approached, he abruptly turned toward R.S., and, without any observable provocation or warning, struck R.S. in the head with a closed fist. R.S attempted to evade SCHLOSSER, but SCHLOSSER pursued him down the hallway out of the camera's view. Moments later, medical staff intervened and brought SCHLOSSER to the ground until VAPS personnel arrived.

7.      On the same day, R.S. was interviewed by Officer Giovanni Rugel, VAPS, VAMC, regarding the assault that occurred in 3C. R.S. explained that he had been speaking with another patient when SCHLOSSER approached and struck him on the right side of the temporal bone. R.S. reported that he ducked after the first punch, at which point SCHLOSSER struck him again in the jaw and several additional times in the back of the head while R.S. screamed for help. R.S. stated that he then ran into a patient's room and activated the emergency door alarm to alert staff. Following the incident, R.S. reported that he was escorted to the Emergency Department ("ED") where he remained for approximately two hours. R.S. stated that his face was red and his eye was closed. While in the ED, R.S. underwent imaging and stated that he informed the attending physician that he experienced dizziness when standing. R.S. reported that prior to the incident he had never interacted with SCHLOSSER.

8.      On July 2, 2026, Special Agents Molina and Kevin Goode, VA OIG, Southeast Field Office, interviewed Nursing Assistant Roselene Raymond, VAMC; Nursing Assistant Kerry Williams, VAMC; and T.F., a patient in unit 3C. Raymond stated that she was assigned as a two to one safety escort for SCHLOSSER on the morning of June 29, 2026. While escorting SCHLOSSER down the hallway, Raymond reported observing SCHLOSSER strike R.S. with his right hand on the right side of R.S.'s head. Raymond also noted that earlier in the day, SCHLOSSER stated that he was going to do something, but he did not provide context. Williams stated that she was assigned as a two to one safety escort for SCHLOSSER. She reported that SCHLOSSER appeared frustrated and said he was going to hurt someone, but he had not displayed aggression toward staff or patients prior to the assault. Williams stated that SCHLOSSER initially walked past R.S. in the hallway, but then turned around, walked back toward him and struck him. T.F., stated that he was standing in the hallway speaking with R.S. when he observed SCHLOSSER approach and strike R.S. in the head, then follow him down the hallway. T.F. further reported that on the following day, SCHLOSSER bragged about the incident.

9.      On the same day, SA's Molina and Goode also interviewed Psychiatrist W.P., VAMC, who stated that SCHLOSSER was diagnosed with major depressive disorder  recurrent severe with psychotic features. Prior to the incident, SCHLOSSER was prescribed medication for expressing suicidal and homicidal ideations five to ten minutes prior to the assault. W.P. stated that SCHLOSSER was oriented to space and time prior to the incident, but believed SCHLOSSER was psychotic due to making statements that he was hearing the devil and wanted to get out of there before he hurt someone.

10.     Based on the foregoing facts, your Affiant respectfully submits that probable cause exists to charge Daniel SCHLOSSER with assaulting, resisting, or impeding certain officers or employees, in violation of Title 18, United States Code, Section 111(a)(1).

FURTHER AFFIANT SAYETH NAUGHT.

GIAN MOLINA   Digitally signed by GIAN MOLINA
Date: 2026.07.13 19:40:20 -04'00'

GIAN MOLINA
SPECIAL AGENT
VA OFFICE OF INSPECTOR GENERAL

Sworn and Attested to by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this _____ day of July, 2026.

Digitally signed by
Bruce E. Reinhart
Date: 2026.07.14
16:28:19 -04'00'

BRUCE E. REINAHRT
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**:  DANIEL JOHN SCHLOSSER

**Case No**:  26-mj-8539-BER

Count #1:

Assaulting resisting or impeding federal officer or employee

18 U.S.C. § 111(a)(1)

**\* Max. Term of Imprisonment:** 8 years
**\* Mandatory Min. Term of Imprisonment (if applicable):** n/a
**\* Max. Supervised Release:** up to 3 years
**\* Max. Fine:** $250,000

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**